UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARISSA SANTIAGO, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>MERRIMAN RIVER ASSOCIATES, LLC,<br><br>    Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Marissa Santiago ("Plaintiff"), brings this Class Action Complaint on behalf of herself and all others similarly situated against Defendant Merriman River Associates, LLC ("MRG" or "Defendant").

## NATURE OF THE ACTION

1. This lawsuit is brought as a nationwide consumer class action under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA").

2. At least three times in 2017, Plaintiff received on her cell-phone a prerecorded artificial voice telephone message from Defendant seeking information for a political poll.

3. To her knowledge, Plaintiff never consented to Defendant's phone messages.

4. Plaintiff is informed and believes that others throughout the United States have received similar robocalls from Defendant.

## PARTIES

5. Plaintiff Marissa Santiago resides in New Haven County, Connecticut, and is a citizen of Connecticut.

6. Plaintiff is the subscriber of a wireless telephone number, and has registered her wireless telephone number on the "National Do Not Call Registry."

7. Defendant Merriman River Associates, LLC is a Connecticut limited liability company, with its principal place of business in Hamden, Connecticut. Upon information and belief, Merriman River Associates, LLC does business as Merriman River Group.

8. For purposes of this action, Plaintiff and Defendant are "persons" under 47 U.S.C. § 153(39).

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over Defendant and the claims set forth below pursuant to 28 U.S.C. § 1331 because this action arises from a violation of 47 U.S.C. § 227.

10. This Court has personal jurisdiction over Defendant because Defendant does business in this district.

11. Venue is appropriate under 28 U.S.C. § 1391(b)(2) because Defendant's principal place of business is in this district.

## FACTUAL ALLEGATIONS

12. Defendant offers comprehensive polling services to campaigns throughout the United States.

13. These services, according to Defendant, include "[a]utomated (IVR) phone polling, with accuracy that rivals live calls." *See* MERRIMAN RIVER GROUP, Polling, http://www.merrimanriver.com/other.html (last visited Oct. 12, 2017).

14. In early October 2017, Plaintiff received the first of three prerecorded artificial voice call on her cell-phone from "MRG Policy Polling."

15. Plaintiff answered the call and heard a prerecorded/artificial voice, asking Plaintiff to participate in a poll Defendant was conducting.

16. Again in October 2017, Plaintiff received the two additional prerecorded artificial voice calls on her cell-phone from "MRG Policy Polling."

17. These calls went straight to voice-mail. The prerecorded/artificial voice left the following message on her voicemail:

> Hi, this is Sarah calling from MRG Policy Polling. We're conducting a short survey about some issues important to Connecticut. We're sorry we missed you. We'll try calling you again tomorrow. This same number will come up on your caller ID. Your opinion is very important, and we hope that you will participate. Thank you.

18. Neither call identified MRG Policy Polling as Merriman River Associates, LLC, or identified the phone number or address at which Defendant could be reached, as required by 47 U.S.C. 227(d)(3) and 47 C.F.R. § 64.1200(b).

19. Plaintiff has suffered a concrete injury-in-fact, and has reasonable apprehension of continuing injury from future calls, because the calls invade her privacy, disturb her peace, and are a nuisance and harassing.

20. Plaintiff is informed and believes that other persons throughout the United States have received such robocalls from Defendant.

### THE TCPA

21. The TCPA prohibits any person within the United States from making any non-emergency call (without the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(iii).

3

22. For non-telemarketing calls to cell-phones, such as the calls at issue here, the prior express consent may be oral or written, or, in the absence of instructions to the contrary, by giving a wireless number to the person initiating the autodialed or prerecorded call for the purpose of making certain types of calls. *In the Matter of R. and Regulations Implementing the Tel. Consumer Protec. Act of 1991*, 30 F.C.C. Rcd. 7961, 7991-92 (F.C.C. 2015).

23. Non-telemarketing calls for political purpose are explicitly covered by the TCPA, and require express consent. *In the Matter of R. and Regulations Implementing the Tel. Consumer Protec. Act of 1991*, 27 F.C.C. Rcd. 1830, 1841 (F.C.C. 2012).

24. The TCPA provides for statutory penalties of between $500 and $1,500 per violation. 47 U.S.C. § 227(b)(3).

## CLASS ACTION ALLEGATIONS

25. The TCPA causes of action asserted herein are brought on behalf of Plaintiff and the following class:

> All persons within the United States who received an artificial voice or prerecorded telephone call from Defendant, or a caller acting on behalf of Defendant, after October 16, 2013 to said person's wireless telephone number.

26. Excluded from the class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, and any entity in which Defendant has a controlling interest, and the legal representatives, successors, or assigns of any such excluded persons or entities. Further excluded are Plaintiff's counsel and the assigned Judge and the Judge's family and staff.

27. This suit seeks only statutory damages under the TCPA and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

4

28.     *Numerosity.*  The Class members are so numerous and geographically dispersed that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes, that the proposed class contains hundreds, if not thousands, of members.

29.     ***Existence and Predominance of Common Questions of Law and Fact.***  The common questions of law and fact, that arise from Defendant's uniform pattern and practice of prohibited conduct, exist as to all Class members and predominate over questions affecting only individual Class members.  The common legal and factual questions include, but are not limited to, the following:

   a.  Whether Defendant made prerecorded calls to Plaintiff and the Class members;

   b.  Whether Defendant made artificial voice calls to Plaintiff and the Class members;

   c.  Whether Defendant made the prerecorded and/or artificial voice calls in question with prior express consent;

   d.  Whether the alleged prior express consent was compliant with the TCPA;

   e.  Whether Defendant can establish a defense to liability;

   f.  The amount of statutory damages to be awarded to Plaintiff and each Class member; and

   g.  Whether Defendant should be enjoined from engaging in such conduct.

30.     *Typicality.*  The claims asserted by Plaintiff in this action are typical of the claims of the members of the Class, as the claims arise from the same course of conduct by Defendant, and the relief sought is common.  Plaintiff, like each member of the Class, received at least one prerecorded artificial voice call from Defendant, thus, Plaintiff and the Class members were

exposed to virtually identical conduct.  Moreover, Plaintiff seeks the same relief as the Class members.

31. ***Adequacy of Representation.***  Plaintiff will fairly and adequately represent and protect the interests of the Class members, and she has no conflict of interest with other Class members.  Plaintiff also has retained experienced counsel who are competent in multi-party, class, and civil litigation.

32. Plaintiff seeks on behalf of herself and the Class members, on grounds generally applicable to the entire Class:  a determination of liability; injunctive relief; the maximum statutory damages permitted by the TCPA; and attorneys' fees and costs.

33. ***Superiority.***  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the likelihood of individual class members prosecuting separate claims is remote, and individual class members do not have a significant interest in individually controlling the prosecution of separate actions.  The available statutory remedies are relatively small, while the expense and burden of individual litigation make it impracticable for proposed class members to prosecute their claims individually.  It is virtually impossible for the class members individually to obtain effective redress for the wrongs done, thereby allowing Defendant's unlawful conduct to continue.  And, even if class members could afford individualized litigation, the court system could not: individualized suits would create the danger of inconsistent or contradictory judgments arising from the same set of facts, and would increase the delay and expense to all parties and the court.  The class-action device provides the efficiency of a single proceeding, uniformity of decision, and comprehensive supervision by a single court.  Finally, there are no unusual management difficulties that would preclude certification of the proposed class.

### FIRST CAUSE OF ACTION
**Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227 *et seq*.)**

34. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

35. Defendant's foregoing acts and omissions constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

36. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff and the class members are entitled to statutory damages of $500 per violation, attorneys fees and costs, and injunctive relief prohibiting Defendant's negligent violations of 47 U.S.C. 227 *et seq.*

### SECOND CAUSE OF ACTION
**Knowing and/or Willful Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227 *et seq*.)**

37. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

38. Defendant's calls to Plaintiff and the Class members constitute numerous violations of the provisions of the TCPA, including but not limited to 47 U.S.C. §§ 227(b)(1)(A)(iii).

39. Defendant's use of a prerecorded artificial voice in making the calls at issue demonstrates that Defendant willfully called Plaintiff and the class members without ensuring that they had provided prior express written consent to being called.

40. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff and the class members are entitled to statutory damages of $500 to $1,500 per violation, attorneys fees and costs, and injunctive relief prohibiting Defendant's negligent violations of 47 U.S.C. 227 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment:

A. Certifying this case as a class action to afford the putative class members the procedural benefit of the class-action device and to avoid the multiplicity of individual actions;

B. Certifying Plaintiff as the class representative, and certifying her undersigned attorneys as class counsel;

C. Enjoining Defendant from engaging in the conduct described herein;

D. Awarding Plaintiff and class members maximum statutory damages, including the trebling of damages for Defendant's willful violations, as permissible pursuant to 47 U.S.C. § 227(b)(3);

E. Awarding Plaintiff and the class members pre-judgment and post-judgment interest;

F. Awarding Plaintiff and the class members attorneys' fees and costs; and

G. Awarding Plaintiff and the class members such other and further relief as may be appropriate.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Respectfully Submitted,

**MARISSA SANTIAGO**, individually and on behalf of all others similarly situated,

Dated: December 7, 2017

By /s/ Jonathan M. Shapiro
Jonathan M. Shapiro (ct24075)
Attorney at Law
Shapiro Law Offices, LLC
32 Washington Street
Middletown, Connecticut 06457
*t* (860) 347-3325 | *f* (860) 347-3874

Stamford Office:
1 Stamford Plaza
263 Tresser Blvd., 9th Floor
Stamford, Connecticut 06901
*t* (203) 564-1520

Benjamin J. Sweet
Kevin Abramowicz
Carlson Lynch Sweet Kilpela
& Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
*t* (412) 322-9243

Michael K. Yarnoff
The Kehoe Law Firm, P.C.
Two Penn Center Plaza
1500 JFK Boulevard, Suite 1020
Philadelphia, Pennsylvania 19102
*t* (215) 792-6676

*Attorneys for Plaintiff and the Classes*