# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

MARISSA SANTIAGO, individually and on behalf of all others similarly situated,
    Plaintiff,

v.

MERRIMAN RIVER ASSOCIATES, LLC,
    Defendants.

No. 3:17-cv-2054-VAB

**RULING ON MOTION TO DISMISS**

Marissa Santiago ("Ms. Santiago") filed this lawsuit on behalf of herself and a putative class. She claims that Merriman River Associates ("MRA") violated the Telephone Consumer Protection Act ("TCPA") when it called her cellphone and used a pre-recorded artificial voice message for political polling. MRA now moves to dismiss the Amended Complaint.

For the reasons stated below, MRA's motion to dismiss the Amended Complaint, ECF No. 28, is **GRANTED** in part and **DENIED** in part.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Ms. Santiago is a Connecticut resident. Am. Compl. ¶ 5. Merriman River Associates, LLC ("MRA"), a limited liability company, has its principle place of business in Hamden, Connecticut. *Id.* ¶ 8. MRA allegedly provides "comprehensive polling services to campaigns throughout the United States." *Id.* ¶ 13.

### A.    Factual Allegations

Ms. Santiago alleges that "at all relevant times" for this lawsuit she subscribed to a wireless telephone number. Am. Compl. ¶ 6. The number—which ended in "2845"—was always

1

assigned to a cellphone and not to a landline. *Id.* ¶¶ 6–7. She also alleges that the phone was registered on the National Do Not Call Registry. *Id.* ¶ 6.

In October 2017, she received the first of three calls she maintains came from MRA and to which she had not consented. *Id.* ¶ 3, 16. Two calls went to voicemail, and Ms. Santiago claims she received the following message:

> Hi, this is Sarah calling from MRG Policy Polling. We're conducting a short survey about some issues important to Connecticut. We're sorry we missed you. We'll try calling you again tomorrow. This same number will come up on your caller ID. Your opinion is very important, and we hope that you will participate. Thank you.

*Id.* ¶ 17. Ms. Santiago claims she answered the third phone call, and "heard a prerecorded/artificial voice asking [her] to participate in a poll Defendant was conducting." *Id.* ¶ 18.

Ms. Santiago alleges that MRA markets itself as a comprehensive polling service, specifically offering "[a]utomated (IVR) phone polling" that "allows for dialing thousands of simultaneous calls." *Id.* ¶¶ 14–15. She alleges that "none of the [three] calls seemed to have any human involvement or interactivity" and that she heard only an artificial voice. *Id.* ¶ 20. She alleges that "Defendant made the calls at issue using an artificial or prerecorded voice and/or an automated telephone dialing system." *Id.* ¶ 21. She also maintains that that she "is informed and believes" that MRA called others throughout the United States. *Id.* ¶ 23.

### B. Procedural History

Ms. Santiago filed the initial Complaint in this matter on December 7, 2017. *See generally* Compl., ECF No. 1. The Complaint included two causes of action: "violations of the Telephone Consumer Protection Act" and "Knowing and/or Willful violation of the Telephone

2

Consumer Protection Act." *Id.* ¶¶ 34–40. The Complaint also included allegations on behalf of a putative class.

MRA then moved to dismiss the Complaint. Def. Mot. to Dismiss, ECF No. 15. First, it argued that dismissal was warranted in its entirety because the Complaint contained no allegation that the calls went to a number assigned to a cellphone. *Id.* at 1. Second, it moved to dismiss the second count, arguing that the Complaint did not plausibly state a claim that MRA's behavior was "willful." *Id.*

Instead of responding to the motion to dismiss, Ms. Santiago filed an Amended Complaint. *See generally* Am. Compl., ECF No. 21. The Amended Complaint included only one cause of action, but alleged that the phone calls "constitute numerous and multiple negligent, willful and/or knowing violations of the TCPA, including but not limited to all of the above-cited provisions of 45 U.S.C. § 227 *et seq*. and its implementing regulations." Am. Compl. ¶ 39. Ms. Santiago seeks statutory damages between $500 and $1,500 per violation, attorneys' fees, costs, and injunctive relief. *Id.* ¶ 40.

She also renews her claims on behalf of a putative class. The Amended Complaint includes the following class definition:

> All persons within the United States who received an artificial voice or prerecorded telephone call from Defendant, or a caller acting on behalf of Defendant, after October 16, 2013 to said person's wireless telephone number.

*Id.* ¶ 29. She alleges that the class would meet the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Id.* ¶¶ 32-37.

MRA now moves to dismiss the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Def. Mot., ECF No. 28. It argues that the Amended Complaint is procedurally improper because it combines both negligent and willful violations into a single

3

count. Def. Mem. in Support ("Def. Mem.") at 6, ECF No. 29; Def. Rep. Br. at 4 n.2, ECF 32. Second, MRA argues that Ms. Santiago has failed to properly allege that any of the violations were knowing or willful. Def. Mem. at 6-10; Def. Rep. Br. at 2-4. Third, it moves to "dismiss" any claims for attorneys' fees, arguing that the TCPA does not allow for the recovery of fees and costs. Def. Mem. at 10; Def. Rep. Br. at 5. Finally, MRA moves to "dismiss and/or strike" parts of the class definition because it argues those claims are barred by the TCPA's statute of limitations. Def. Mem. at 10-12.

Ms. Santiago disagrees. *See* Pl. Mem. in Opp. ("Pl. Mem."), ECF No. 30. She argues that the Amended Complaint adequately places MRA on notice of the claims as required by Rules 8 and 10 of the Federal Rules of Civil Procedure, and that she has included adequate factual allegations demonstrating willfulness on the part of MRA. *Id.* at 3-7. She argues that attorneys' fees are appropriate because she would be entitled to recover fees as part of a common fund if the class is certified. *Id.* at 8. Finally, she argues that the class allegations should not be dismissed in their entirety, but "does not oppose reforming the class definition to start on December 7, 2013, rather than October 16, 2013, for pleading purposes." Pl. Mem. at 9.

The Court held oral argument on the motion on May 30, 2018.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6) Motion to Dismiss

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A court will dismiss any claim that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), the court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

All of the factual allegations in the complaint will be taken as true. *Iqbal*, 556 U.S. at 678. The factual allegations will also be viewed in the light most favorable to the plaintiff, and all inferences will be drawn in favor of the plaintiff. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

### B. Motion to Strike under Rule 12(f)

A court may "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Resolution of a motion to strike under this rule is within the discretion of the district court, and such motions are generally disfavored and should be infrequently granted. *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 15-16 (D. Conn. 2013). The Second Circuit has long held that courts "should not tamper with the pleadings unless there is a strong reason for so doing," and that a motion to strike under Rule

12(f) should be denied "unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). A motion to strike are particularly disfavored with respect to class allegations "because it requires a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012) (internal alterations and quotation marks omitted).

The party moving to strike "bears a heavy burden" and ordinarily must show that "(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the issues in the case; and (3) permitting the allegations to stand would result in prejudice to the movant." *Tucker*, 936 F. Supp. at 16.

## III. DISCUSSION

This case addresses the Telephone Consumer Protection Act of 1991 ("TCPA"). Congress passed the TCPA in an effort to address "[v]oluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes . . . ." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370–71, 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012). Under the TCPA, it is unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C.A. § 227(b)(1)(A)(iii).

Ms. Santiago—on behalf of herself and a putative class—alleges that MRA made calls that "constitute numerous and multiple negligent, willful and/or knowing violations of the TCPA

. . . ." Am. Compl. ¶ 39. MRA moves to dismiss the Amended Complaint, arguing that it is procedurally improper and fails to state a claim for willful or knowing violations of the TCPA. Def. Mem. at 6-10. Additionally, MRA seeks to "dismiss" or strike any claims for attorneys' fees or those relating to the putative class. Def. Mem. at 10-12.

### A. "Willful and Knowing" Violations

In order to state a claim for a violation of the cellphone provisions of the TCPA, "a plaintiff must allege that: '(1) a call was placed to a cell or wireless phone; (2) by the use of any automatic dialing system [and/or leaving an artificial or prerecorded message] and (3) without prior consent of the recipient.'" *Jennings v. Cont'l Serv. Grp., Inc.*, 239 F. Supp. 3d 662, 665 (W.D.N.Y. 2017) (quoting *Echevvaria v. Diversified Consultants, Inc.*, No. 13 Civ. 4980 (LAK)(AJP), 2014 WL 929275, at *4 (S.D.N.Y. Feb. 28, 2014)) (alterations in original).

The TCPA creates a private right of action and provides statutory damages of $500 for each violation of the act. *Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharm., Inc.*, 847 F.3d 92, 94–95 (2d Cir. 2017). A plaintiff may receive treble damages under the TCPA, however, "if the court finds that the defendant willfully or knowingly violated this subsection." 47 U.S.C. § 227(b)(3).

MRA appears to concede that the Ms. Santiago has properly pled a violation of the TCPA. *Cf. Jennings*, 239 F. Supp. 3d at 665. She alleges that she received three calls to her number, registered to a cellphone. Am. Compl. ¶ 16. She also received two voicemails and, on the third call, picked up, only to interact "with a prerecorded/artificial voice" ¶¶ 17–18. Finally, she alleges these calls were made "without [her] prior express consent" *Id.* ¶ 21.

But MRA raises two arguments in support of its motion to dismiss, one procedural and one substantive. MRA first argues that the Complaint should be dismissed because, in combining

7

negligent violations of the TCPA with allegations of that violation being willful or knowing, Ms. Santiago has violated Rules 8 and 10 of the Federal Rules of Civil Procedure. Def. Mem. at 6; *see also* Fed. R. Civ. P. 8(a) (requiring pleading to state "a short and plain statement of the claim" and "a demand for the relief sought, which may include relief in the alternative or different types of relief"); Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense.").

The TCPA provides that, "if the court finds that the defendant willfully or knowingly violated this subsection," it may "increase the amount of the award to an amount equal to not more than 3 times the amount available" in other cases. 47 U.S.C. § 227(b)(3). The statute increases the damages for a particular course of conduct that violates the TCPA if that conduct is willful or knowing, but it is still the same underlying violation and there is no reason why it would be any clearer to allege two counts here instead of one. *Cf.* Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense.").[1]

MRA's primarily argues that Ms. Santiago fails to allege a sufficient factual basis to support her claims of a willful and knowing violation of the TCPA violation. Def. Mem. at 6-10. It argues that the Amended Complaint merely contains "threadbare allegations that parrot the statutory language." *Id.* at 7. And any assertion in the Amended Complaint that conduct was

---

[1] MRA cites to *Fisher v. Rodriguez*, but the complaint in *Fisher* included a long list of claims "without factual content" and several of those claims merely cited what "appear to be headnotes." *Fisher v. Rodriguez*, No. 3:16-CV-1763 (VLB), 2017 WL 71651, at *1 (D. Conn. Jan. 5, 2017) (noting *pro se* complaint included seventeen defendants, "prolix, factually unsupported, factually unattributed, and frivolous claims" and requiring amendment). *Fisher* thus bears no reasonable relationship to this case.

8

"willful or knowing" would merely be a legal conclusion and not sufficient to support a claim without additional support. *Id.* at 9-10. MRA maintains that, in order to support a willful and knowing claim, Ms. Santiago would have to show that Defendant "knew or was made aware that the Plaintiff did not consent to calls" and it argues she has failed to do so. *Id.* at 9 (citing *Bentley v. Greensky Trade Credit, LLC*, 156 F. Supp. 3d 274 (D.Conn. 2015); *Duchene v. Onstar, LLC*, NO. 15-1337, 2016 WL 3997031, at *9 (E.D. Mich. July 26, 2016)). Finally, MRA argues that adopting Ms. Santiago's proposed standard would erode a distinction drawn by Congress "between negligent violations of the TCPA and those that require an intent." Def. Rep. Br. at 2 (citing *Harris v. World Fin. Network Nat'l Bank*, 867 F. Supp. 2d 888, 895 (E.D.Mich. 2012)).

Ms. Santiago responds that "a defendant knowingly or willfully violates the Act if it makes a call knowing it lacks consent prior to a call." Pl. Mem. at 5. She argues that she was not required to notify MRA she did not consent to the calls and, "even if the TCPA or the allegations at issue necessitate pleading notice of a lack of consent, the nature of Defendant's calls made it impossible for Plaintiff or any individual to provide such notice" that she did not consent. *Id.* at 6. Ultimately, Ms. Santiago argues that she generally alleged that MRA's conduct was knowing and willful, and that she has alleged specific factual information that would support that general allegation.

"In order for a defendant's conduct to be 'willful' or 'knowing' for purposes of treble damages under the TCPA, courts in this Circuit have held that bad faith is not necessarily required; rather, it is enough for a defendant to act with knowledge that the conduct violates the law." *Owens v. Starion Energy, Inc.*, No. 3:16-CV-01912 (VAB), 2017 WL 2838075, at *7 (D. Conn. June 30, 2017); *see also Echevvaria v. Diversified Consultants, Inc.*, No. 13 CIV. 4980 (LAK)(AJP), 2014 WL 929275, at *11 (S.D.N.Y. Feb. 28, 2014) ("Accordingly, the Court finds

9

that Diversified's conduct was willful because Diversified knew or should have known" that their conduct violated the TCPA); *see also Warman v. Law Office of Daniel M. Slane*, No. 14-cv-700 (LJV), 2017 WL 971196, at *6 (W.D.N.Y. Mar. 13, 2017) ("Before awarding treble damages for any willful or knowing violations of the TCPA, a court should have evidence that a defendant was aware or should have been aware that it called an individual after he or she asked that the calls stop or that the defendant knew it was violating the TCPA but kept calling anyway."); *Manuel v. NRA Grp., LLC*, 200 F. Supp. 3d 495, 502 (M.D. Pa. 2016), aff'd, No. 17-1124, 2018 WL 388622 (3d Cir. Jan. 12, 2018) ("Courts have generally resolved this ambiguity by requiring evidence of volitional conduct for each element of liability, irrespective of any intent to transgress the Act's prohibitions.").

Here, Ms. Santiago alleges sufficient factual information that MRA knew or should have known that the first two requirements of the TCPA were met. First, she alleges that her number was registered—and always had been registered—to a cell phone and she had never subscribed to a landline. Am. Compl. ¶¶ 6-7, 16. This allegation suggests MRA should have known it was calling a cellphone. She also cites to MRA's marketing materials on their website, which state that the group's "infrastructure allows for dialing thousands of simultaneous calls."

The main issue then is the third requirement: at this stage, whether she has sufficiently alleged that MRA knew or should have known it was calling "without prior consent of the recipient." *Cf. Jennings,* 239 F. Supp. 3d at 665. There is no allegation in the Amended Complaint that would suggest a previous relationship between MRA and Ms. Santiago or indicate she had consented to the phone calls. *See, e.g.*, Am. Compl. ¶ 3 ("To her knowledge, Plaintiff never consented to Defendant's phone messages."). Ms. Santiago does maintain, however, that she had registered her number with the National Do Not Call Registry. *Id.* ¶ 6.

While interpreting a separate section of the TCPA, this Court has previously held that similar allegations "suggest that [the defendant] knew that calling [the plaintiff] would violate the TCPA" *Owens*, 2017 WL 2838075, at *7.[2] Similarly, while Ms. Santiago is not alleging a violation of the TCPA's "Do Not Call List" provisions, the allegation that her number was on the Do Not Call List does raise an inference that MRA knew or should have known she would not have consented to this type of phone call. At this stage in the litigation, such an inference must be drawn in Ms. Santiago's favor. *See, e.g.*, *Cohen*, 711 F.3d at 359.

None of the authorities cited by MRA require a different result. Significantly, MRA cites to *Harris v. World Fin. Network Nat. Bank*, 867 F. Supp. 2d 888 (E.D. Mich. 2012), but the court there applied the summary judgment standard in reviewing the claim, not the motion to dismiss standard. *Id.* at 895. In any event, *Harris* addressed a defendant who used an auto-dialer to place calls, and believed that the plaintiff's number belonged to another individual who had consented to those calls. On summary judgment, the court required that "Plaintiff must also show that Defendants knew that Plaintiff did not consent to the phone calls." *Id.* The plaintiff could only do that for a subsection of the violations, after he had informed the defendant "they were calling the wrong number." *Id. Duchene v. Onstar* reached a similar conclusion: "As Plaintiff did not plead that he notified Defendant that he did not consent to the calls (or that Defendant was otherwise aware that Plaintiff did not consent to the calls), the Court grants Defendant's Renewed Motion to Dismiss as it relates to Count II." *Duchene v. Onstar, LLC*, No. 15-13337, 2016 WL 3997031, at *7 (E.D. Mich. July 26, 2016). Neither opinion, however, addressed whether a lack of consent

---

[2] MRA attempts to distinguish *Owens* by noting that the plaintiff in that case had requested the defendant stop calling her. *See* Def. Rep. at 3 (citing *Owens*, 2017 WL 2838075, at *1). While the plaintiff did so allege, the Court did not consider this fact in deciding whether the plaintiff had adequately stated a willful or knowing violation. The decision rested on the allegations related to the Do Not Call List. *Id.* at *7.

11

could be inferred from placement on the Do Not Call list, nor in either case were there allegations that the individual's phone number was on the list.[3]

As a result—and accepting all facts in the complaint as true and drawing all inferences in her favor—Ms. Santiago has properly alleged a knowing and willful violation of the TCPA. The motion to dismiss is denied with respect to Count I of the Amended Complaint.

### B.     Attorneys' Fees and Costs

MRA also moves to dismiss Ms. Santiago's request for attorney fees, arguing that the TCPA is not a fee-shifting statute. *See* Def. Mem. at 10; Def. Rep. at 2-3. In response, Ms. Santiago argues she "does not contend the TCPA is a fee-shifting statute." Pl. Mem. at 8. She argues instead that the fee request is appropriate "because this case is a class action" and the Court could award fees if the litigation ultimately resulted in a common fund benefiting unnamed class members. *Id*.

As a threshold matter, the Court notes that MRA has moved to dismiss Ms. Santiago's request for relief, rather than strike it. However, "[s]uch a motion is not properly a motion to dismiss and is more properly styled as a motion to strike, and the Court will treat it as a motion to strike." *SRSNE Site Grp. v. Advance Coatings Co.*, No. 3:12-cv-443 (VLB), 2014 WL 671317, at *1 (D. Conn. Feb. 21, 2014); *Marshall v. New York State Pub. High Sch. Athletic Ass'n, Inc.*, 290 F. Supp. 3d 187, 204 (W.D.N.Y. 2017) ("Although the Commissioner asserts this argument in her motion to dismiss, the Court finds that it is more properly deemed a motion to strike the third prayer for relief, and the Court will treat this argument as such.").

---

[3] Significantly, the court in *Duchene* relied on both *Harris* and another summary judgment decision, *Echeverria*, 2014 WL 929275, in deciding to dismiss the claim at that earlier stage, without any discussion of the difference in the applicable legal standards.

MRA correctly recognizes that the TCPA does not authorize attorneys' fees and costs. *See Klein v. Vision Lab Telecommunications, Inc.*, 399 F. Supp. 2d 528, 542 (S.D.N.Y. 2005) ("The TCPA makes no provision for attorney's fees or costs."); *Haley v. Hughes Network Sys., LLC*, No. 12-CV-1079JTC, 2013 WL 5937007, at *3 (W.D.N.Y. Nov. 1, 2013) (noting, on default judgment motion, that TCPA does not provide attorney's fees or costs). The cases it relies on, however, are cases with individual plaintiffs and without class allegations. *Klein*, 399 F. Supp. 2d at 529 (noting two plaintiffs); *Haley*, 2013 WL 5937007, at *1 (noting single plaintiff).

By contrast, courts in this District have refused to strike fee requests in TCPA cases where a complaint states allegations on behalf of a putative class. *See, e.g.*, *Bell v. Survey Sampling Int'l, LLC*, No. 3:15-CV-1666 (MPS), 2017 WL 1013294, at *8 (D. Conn. Mar. 15, 2017) (denying motion to strike attorneys' fees in TCPA putative class action where defendant did not show prejudice fees could be awarded if "the litigation ultimately resulted in a common fund benefiting unnamed class members"); *Owens*, 2017 WL 2838075, at *8 (same); *see also Brown v. Rita's Water Ice Franchise Co. LLC*, 242 F. Supp. 3d 356, 360 (E.D. Pa. 2017) (approving settlement in TCPA class action and noting that "[a]ttorneys who create a settlement fund for class members are entitled to reasonable compensation from that fund.").

In *Owens*, for example, this Court addressed similar arguments within the context of a motion to dismiss: the defendant "argue[d] that the TCPA is not a fee shifting statute, thus any reference to attorneys' fees in the Complaint should be stricken." *Id.* at *8. The Court, quoting *Bell*, noted that if a class were certified the Court could award fees out of a common fund. *Id.* It also noted that the defendant had failed to show that it would be prejudiced in any way if class allegations were allowed to stay in the complaint. *Id.* As a result, the Court noted, "in the event

that the Court certifies a class in this action, there may still be some circumstances in which attorney's fees are appropriate." *Id.*

The Court sees no reason to reach a different result here. In the Amended Complaint, Ms. Santiago alleged that "[p]ursuant to 47 U.S.C. § 227(b)(3), Plaintiff and the class members are entitled to statutory damages of at least $500 and no more than $1,500 per violation, attorneys fees and costs, and injunctive relief prohibiting Defendant's violations of 47 U.S.C. 227 *et seq.* and its implementing regulations." Am. Compl. ¶ 40. The Prayer for Relief repeats the claim for attorneys' fees and costs, without reference to the TCPA. *Id*. at 8.

While the Amended Complaint could be more clearly drafted, it appears that Ms. Santiago seeks attorneys' fees primarily—if not only—in relation to the class allegations, and her representation of the putative class. *See* Am. Compl. at 8. And because it could ultimately result in a common fund, as Ms. Santiago argues, without more, the Court will not strike the request for attorneys' fees from the Amended Complaint. Nevertheless, as discussed below, since Ms. Santiago will be amending her Complaint to address the definition of the purported class, she should amend the Complaint to provide greater clarity over the basis for relief with respect to attorneys' fees and costs.

### C. Class Allegations

In the Amended Complaint, Ms. Santiago alleges violations on behalf of a putative class that received calls "after October 16, 2013 to said person's wireless telephone number." *See* Am. Compl. ¶ 29. MRA moves to "dismiss and/or strike" allegations prior to December 7, 2013, arguing that the TCPA has a four-year statute of limitations and therefore claims accruing more than four years before the filing of the initial Complaint in this action would be time-barred. Def. Mem. at 10-11. Defendant's claim is properly understood as a motion to strike, rather than a

motion to dismiss under Rule 12(b)(6). *See Owens*, 2017 WL 2838075 at *7-8 (addressing motion to strike class allegations in TCPA case).

"A court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly." *Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir. 1993). Court have "broad discretion to modify the class definition as appropriate." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 CIV. 5450 (NRB), 2018 WL 1229761, at *7 (S.D.N.Y. Feb. 28, 2018). Modifying the class definition may be particularly appropriate at the certification stage, including the certification of subclasses. *See Robdioux*, 987 F.2d at 937; *see also* Fed. R. Civ. P. 23(c)(5) ("When appropriate, a class may be divided into subclasses that are each treated as a class under this rule."); Fed. R. Civ. P. 23(d)(1)(D) (noting court "may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly").

Motions to strike are generally disfavored, and more so when they related to class allegations. *See Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012) (collecting cases and noting motions to strike class claims are disfavored before plaintiffs are permitted to complete discovery). A court may, however, exercise its discretion to strike parts of a class allegation at the motion-to-dismiss stage if those claims could not be maintained as a matter of law. *See, e.g.*, *Davito v. AmTrust Bank*, 743 F. Supp. 2d 114, 115 (E.D.N.Y. 2010) ("Several district courts, however, have held that such motions may be addressed 'prior to the certification of a class if the inquiry would not mirror the class certification inquiry and if resolution of the motion is clear.'") (quoting *In re Initial Public Offering Sec. Litig.*, 21 MC 92(SAS), 2008 WL 2050781, *2 (S.D.N.Y. May 13, 2008)).

This limited exception applies to "a motion to strike that addresses issues separate and apart from the issues that will be decided on a class certification motion." *Chen-Oster*, 877 F. Supp. 2d at 117 (internal quotation marks omitted) (denying motion to strike arguing plaintiffs could not show commonality). This includes claims barred by statute of limitations. *Cf. Barrett v. Forest Labs., Inc.*, 39 F. Supp. 3d 407, 460 (S.D.N.Y. 2014) (granting motion strike portions of putative class definition in Title VII case because claims accruing before a certain date would be time-barred).

TCPA claims are subject to a four-year statute of limitations. *See Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013). Violations of the TCPA begin to accrue when the offending action takes place. *Cf. Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp. 2d 272, 281 (S.D.N.Y. 2013) (holding, in fax case under TCPA, that claims accrued when faxes were sent). Therefore, applying the statute of limitations to Ms. Santiago's case, any claim arising more than four years before the filing of the initial complaint would be time-barred. The initial complaint here was filed on December 7, 2017, so calls occurring before December 7, 2013, would be barred by the statute of limitations.

Ms. Santiago has consented to "reforming the class definition to start on December 7, 2013, rather than October 16, 2013." Pl. Mem. at 9. Since the parties are in agreement, and the statute of limitations clearly forecloses relief on the face of the Amended Complaint, the Court will grant MRA's motion solely with respect to claims accruing before December 7, 2013. Ms. Santiago should file a Second Amended Complaint to address this issue.

## IV. CONCLUSION

For the reasons stated above, MRA's motion to dismiss the Amended Complaint is **GRANTED** in part and **DENIED** in part.

Plaintiff may file a Second Amended Complaint by June 15, 2018**,** addressing any of the concerns raised above. Additionally, the parties shall submit a new 26(f) Report by June 30, 2018.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of June, 2018.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge